UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JEFFREY DESIR,

        Plaintiff,

  - against -

SEAN DESENA,

        Defendant.
------------------------------------------------------------X

**MEMORANDUM & ORDER**
11-CV-00368 (RRM)(LB)

ROSLYNN R. MAUSKOPF, United States District Judge.

    Plaintiff Jeffrey Desir brings this action under 42 U.S.C. § 1983 against Sean Desena, a New York Police Department police officer, claiming false arrest. Presently before the Court is Desena's motion for summary judgment. (Doc. No. 43.) Desir opposed the motion (Doc. No. 44), to which Desena replied (Doc. No. 45). For the following reasons, the Court concludes that the motion must be GRANTED.

## BACKGROUND

    The following facts are undisputed, except where noted, and are taken from Desena's Rule 56.1 Statement (Doc. No. 43-1), the exhibits he submits with his motion (Exs. to McMahon Decl. (Doc. No. 42), and the facts alleged in Desir's Amended Complaint (Doc. No. 31).[1] Desir alleges, albeit in his motion papers and not in his Amended Complaint, that Officer Desena was assigned to monitor him because he was on parole. (Pl. Opp'n to Mot. (Doc. No. 44) at 1.) On

---

[1] The Court notes that Desir did not comply with Local Rule 56.1(b), requiring him to submit his own Rule 56.1 Statement responding to that of Desena. Ordinarily, failure to comply with the Local Rules regarding 56.1 statements would result in the material facts of the complying party's statement being deemed admitted for the purposes of the pending summary judgment motion. *See* Local Civil Rule 56.1(c). A district court, however, "has broad discretion to determine whether to overlook a party's failure to comply with local court rules." *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir.2001); *see also Rateau v. City of N.Y.*, No. 06–CV–4751 (KAM)(CLP), 2009 WL 3148765, at *1 n.1 (E.D.N.Y. Sept. 29, 2009) (exercising discretion in reviewing the admissible record evidence in determining whether proposed undisputed facts were disputed). The Court will nevertheless recite pertinent facts that Desir alleges in his Amended Complaint for the purposes of this motion.

July 28, 2010 at approximately 1:30 p.m., Desena observed Desir driving a 1999 Acura 3.2TL with a passenger sitting in the passenger seat. (Ex. B to McMahon Dec. (Doc. No. 2) at 1.) On that same afternoon, Desena allegedly observed Desir drive the passenger to 2133 East 14th Street in Brooklyn, NY. (*Id.*) Desir disputes this fact, instead submitting that Desena admitted at Desir's parole hearing that he (Desena) did not observe Desir at this address. (Am. Compl. at 4.) Desena learned that the passenger riding in Desir's car entered the building at 2133 East 14th Street and exited with a bag that appeared to contain items. (Ex. B to McMahon Dec. (Doc. No. 2) at 1.) Desena recovered the bag from the passenger, which contained assorted jewelry and a checkbook. (*Id.*)

Desena also searched the official computerized Department of Motor Vehicles driving records for Desir, and learned that Desir's license to operate a motor vehicle was suspended for failure to answer or appear in response to a traffic summons. (*Id.* at 1, 2.)

Desena arrested Desir in front of his residence for Burglary in the Second Degree, in violation of N.Y. P.L. § 140.25(2), and Aggravated Unlicensed Operation of a Vehicle, in violation of N.Y. V.T.L. § 511(1)(A). (*Id.*) The Kings County District Attorney charged Desena with these two crimes, as well as Burglary in the Third Degree, in violation of N.Y. P.L. § 140.20; Petit Larceny, in violation of N.Y. P.L. § 155.25; Aggravated Unlicensed Operation of a Motor Vehicle in the Third Degree, in violation of N.Y. V.T.L. § 511(1)(1); and Unlicensed Operator, in violation of N.Y. V.T.L. § 509(1). (Ex. B to McMahon Decl. (Doc. No. 42-2).)

Desir pled guilty to the Unlicensed Operator charge on September 16, 2010. (Ex. C to McMahon Decl. (Doc. No. 42-3).) He was sentenced to time served on November 24, 2010. (*Id.*)

The instant action was originally filed on December 9, 2010 in the U.S. District Court for the Southern District of New York, and transferred to this Court on January 4, 2011. On April 25, 2011, this Court dismissed claims as against some defendants, but directed that Desir's claim for false arrest should proceed as to defendants Desena and Captain Rodney Johnson.

Desir filed an Amended Complaint on November 9, 2011 alleging false arrest only as against Desena, effectively withdrawing his claims against Johnson. The instant motion followed (Doc. No. 43).

## DISCUSSION

A. <u>Standard of Review</u>

Summary judgment is appropriate when the pleadings, depositions, interrogatories, admissions, and affidavits demonstrate that there are no genuine issues of material fact in dispute and that one party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material facts exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In determining whether a genuine issue of material fact exists, the evidence of the nonmovant "is to be believed" and the court must draw all "justifiable" or reasonable inferences in favor of the non-moving party. *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)); *Brosseau v. Haugen*, 543 U.S. 194, 195 n.2 (2004). Nevertheless, once the moving party has shown that there is no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law, "the nonmoving party must come forward with specific facts showing there is a *genuine issue for trial*." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quotation marks omitted, emphasis in original). The

non-moving party "may not rely on conclusory allegations or unsubstantiated speculation." *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998). In other words, the nonmovant must offer "concrete evidence from which a reasonable juror could return a verdict in his favor." *Anderson*, 477 U.S. at 256. Where "the nonmoving party bears the burden of proof at trial, summary judgment is warranted if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to [its] case." *Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993) (quoting *Celotex*, 477 U.S. at 322) (internal quotation marks omitted). Thus, "[a] defendant moving for summary judgment must prevail if the plaintiff fails to come forward with enough evidence to create a genuine factual issue to be tried with respect to an element essential to its case." *Allen v. Cuomo*, 100 F.3d 253, 258 (2d Cir. 1996) (citing *Anderson*, 477 U.S. at 247-48).

As a *pro se* litigant, this Court reads Desir's "supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994); *see also Coyle v. Coyle*, 354 F. Supp. 2d 207, 211 (E.D.N.Y. 2005).

B. <u>False Arrest</u>

A claim for false arrest under § 1983 is based on one's Fourth Amendment right to be free from unreasonable seizures, including arrest without probable cause. It is substantially the same as a false arrest claim under New York state law. *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (citing *Lennon v. Miller,* 66 F.3d 416, 423 (2d Cir. 1995)). "In analyzing § 1983 claims for unconstitutional false arrest, we have generally looked to the law of the state in which the arrest occurred." *Davis v. Rodriguez*, 364 F.3d 424, 433 (2d Cir. 2004).

To prevail on his claim for false arrest, Desir must show that Desena "intentionally confined him without his consent and without justification." *Weyant*, 101 F.3d at 852 (citations omitted). "The existence of probable cause to arrest constitutes justification and 'is a complete

4

defense to an action for false arrest,' whether that action is brought under state law or under § 1983. *Id*. (quoting *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir.1994) and citing *Broughton v. State*, 335 N.E.2d 310, 315 (N.Y. 1975)). In other words, "There can be no federal civil rights claim for false arrest where the arresting officer had probable cause," *Singer v. Fulton County Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995), and "a conviction of the plaintiff following the arrest is viewed as establishing the existence of probable cause," *Cameron v. Fogarty*, 806 F.2d 380, 387 (2d Cir. 1986) (citations omitted). *See also id*. ("[E]ven if no probable cause existed at the time of arrest, . . . a suit for false arrest may not normally be maintained if the arrest was followed by conviction, regardless of the validity of the arrest at the time it was made."). The upshot is that under no circumstance can the plaintiff "recover if he was convicted of the offense for which he was arrested." *Id*.

Here, Desir pled guilty, albeit not to a charge for which he was arrested. He was arrested for Aggravated Unlicensed Operation of a Vehicle, but pled guilty to the Unlicensed Operator charge. In this circumstance, his guilty plea also bars his claim because "a plea of guilty to a charge lesser than that for which plaintiff was arrested also bars" a false arrest claim. *Roundtree v. City of New York*, 778 F. Supp. 614, 619 (E.D.N.Y. 1991); *see also Wang v. Vahldieck*, No. 09-CV-3783, 2012 WL 119591 (E.D.N.Y. Jan. 9, 2012) ("A claim for false arrest is barred even where the civil rights plaintiff pleaded guilty to a lesser charge pursuant to a plea agreement that dismissed the charges for which plaintiff was arrested."); *Hope v. City of New York*, No. CV-08-5022, 2010 WL 331678, at *2 (E.D.N.Y. Jan. 22, 2010) (explaining that a guilty plea bars a false arrest action, "even if the conviction is the result of a guilty plea to a lesser charge than that for which plaintiff was arrested"); *Sealey v. Fishkin*, No. 96-CV-6303, 1998 WL 1021470 at * 4 (E.D.N.Y. Dec. 2, 1998) ("By pleading guilty to disorderly conduct, plaintiff necessarily

acknowledged that he was engaged in some unlawful activity for which the police could properly take him into custody.").

Desir does not dispute that he pled guilty to the Unlicensed Operator charge (*see* Ex. C to McMahon Decl. (Doc. No. 42-3)). Thus, based on his guilty plea alone, the Court must presume that probable cause existed for his arrest, which necessarily bars his false arrest claim.

Desir attempts to undermine the presumption of probable cause. In his Amended Complaint, and repeated in his opposition papers, Desir alleges that, at his parole hearing, Desena "basically admitted that I [Desir] was never at above location [2133 East 14th St. Brooklyn, NY] therefor its [sic] a fact that defendent [sic] did so nd [sic] willing fabricated my arrest." (Am. Compl. at 4.) Desir provides no evidentiary material to support these allegations, as is necessary on a motion for summary judgment. As such, the Court cannot consider them here. *See Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998) (explaining that the non-moving party "may not rely on conclusory allegations or unsubstantiated speculation").

## CONCLUSION

For these reasons, defendant's motion for summary judgment is granted, and all claims against defendant Desena, the only remaining defendant, are dismissed. . The Clerk of the Court shall enter judgment accordingly and close this case. The Clerk of the Court is also directed to mail a copy of this Order to the plaintiff.

SO ORDERED.

Dated: Brooklyn, New York
    February 24, 2013

*Roslynn R. Mauskopf*
───────────────────────────────
ROSLYNN R. MAUSKOPF
United States District Judge